The document below is hereby signed.

Signed: February 25, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
JULIO PRUDENCIO,             )    Case No. 15-00535
                             )    (Chapter 11)
             Debtor.         )    Not for publication in
                             )    West's Bankruptcy Reporter.
```

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER</u>

The debtor, Julio Prudencio, held a leasehold interest in real property located at 3000 12th Street, N.E., Washington, D.C. (the "Property"). The court entered an order granting 12th Street Real Estate, LLC ("12th Street") relief from the automatic stay of 11 U.S.C. § 362(a), permitting it to proceed with an eviction proceeding against Prudencio in the Superior Court of the District of Columbia. Prudencio's motion to reconsider that order will be denied.

I

Pursuant to a tax sale, the Mayor of the District of Columbia conveyed the Property to Heartwood 88, LLC by a deed

recorded in 2003.  In 2005, Heartwood 88, LLC conveyed the Property to Gary Stancil and his mother, Delores Stancil, by quitclaim deed.[1]  Later, **in 2005**, Gary and Delores Stancil executed a deed of trust encumbering the Property to secure repayment of a loan made to them and others.  **In 2010**, Gary and Delores Stancil entered into a lease of the Property to Prudencio.  On June 17, 2011, the lender held a foreclosure sale pursuant to the deed of trust, and 12th Street was the successful bidder at the foreclosure sale.  Later, 12th Street recorded a deed from the trustee under the deed of trust conveying the property to 12th Street.[2]  Under D.C. Code § 42-522:

---

[1] Heartwood may not have had the right to execute a deed conveying title to Gary and Delores Stancil.  Following the recording of that deed, Sunrise Atlantic, LLC instituted a quiet title action in the Superior Court of the District of Columbia, styled *Sunrise Atlantic, LLC v. Gary Stancil, et al.*, Civil Action 2003 CA 009511, in which Sunrise alleged that it was the assignee of the tax certificate to the Property from Heartwood 88, LLC, and attached an executed but unrecorded quitclaim deed for the Property from Heartwood to Sunrise, dated September 19, 2003, as an exhibit to its complaint.  On November 12, 2004, the Superior Court entered a Summary Judgment Order, ordering that claims of defendants, Gary Stancil, Delores Stancil, and Rufus Stancil, and anybody claiming by or through them with regard to the Property, were forever barred, and further ordered that Sunrise was the fee simple owner of the Property.

[2] Because of the issue of whether the deed to Gary and Delores had been executed by the actual owner of the property (see n.1, *supra*), 12th Street also filed a corrective deed so that the chain of title of record demonstrated that 12th Street acquired title pursuant to the foreclosure sale.  Sunrise Atlantic, LLC and Heartwood 88, LLC each executed that corrective deed, which added Sunrise, retroactively, to the September 23, 2005 quitclaim deed between Heartwood and Gary and Delores Stancil.

2

> An estate at will is one held by the joint will of lessor and lessee, and which may be terminated at any time, as herein elsewhere provided, by either party; and such estate shall not exist or be created except by express contract; provided, however, that in case of a sale of real estate under mortgage or deed of trust or execution, and a conveyance thereof to the purchaser, the grantor in such mortgage or deed of trust, execution defendant, or those in possession claiming under him, shall be held and construed to be tenants at will, except in the case of a tenant holding under an unexpired lease for years, in writing, **antedating** the mortgage or deed of trust.

(Emphasis added). Under that provision, the foreclosure sale, if not void or set aside, converted Prudencio's leasehold interest into a tenancy at will. Paraphrasing the statute, there was "a sale of real estate under . . . deed of trust . . ., and a conveyance thereof to the purchaser [12th Street]" such that "the grantor in such . . . deed of trust [Gary and Delores Stancil], . . . or those in possession [Prudencio] claiming under [Gary and Delores Stancil], shall be held and construed to be tenants at will," and Prudencio does not fall within the exception for "a tenant holding under an unexpired lease for years, in writing, antedating the . . . deed of trust."

After the foreclosure sale was held, 12th Street treated Prudencio's leasehold interest as a tenancy at will by reason of D.C. Code § 42-522, and terminated Prudencio's leasehold interest. When Prudencio failed to vacate the Property, 12th Street commenced the eviction proceeding against Prudencio. When Prudencio filed his petition commencing this case, 12th Street filed a motion for relief from the automatic stay to resume the

eviction proceeding.  This court entered an order granting that motion, and Prudencio's motion to reconsider that order ensued. The motion is a timely motion under Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023.

## II

Prudencio asserts that the foreclosure sale was void by reason of the sale having violated the automatic stay of 11 U.S.C. § 362(a) in a bankruptcy case in this court, Case No. 11-00465, that Gary and Delores Stancil filed in this court just prior to the foreclosure sale being held.  That case was dismissed as to, first, Delores Stancil (as to whom, by reason of 11 U.S.C. § 362(b)(21), no automatic stay had arisen), and later as to Gary Stancil (as to whom an automatic stay *had* arisen).

In a later bankruptcy case filed by Gary Stancil in this court, Case No. 11-00747, Gary Stancil brought an adversary proceeding,[3] seeking, among other things, a determination that the foreclosure sale had violated the automatic stay that arose in Case No. 11-00645, and was void.  This court initially issued a non-final ruling in the adversary proceeding concluding that the sale was, indeed, void as having been conducted in violation

---

[3] *Gary Stancil v. Bradley Investments LLC, et al.*, Adv. Pro. No. 12-10006.

of the automatic stay.[4]  However, the parties decided to settle the adversary proceeding.  Pursuant to the terms of the settlement agreement, approved by the court,[5] and later events that, under the settlement agreement's terms dictated the outcome that ensued, the court entered an order[6] that:

> this Court declares and establishes that title to the Property be and hereby is vested in 12th Street Real Estate, LLC pursuant to this Order, and the Deeds recorded September 30, 2011 as Instrument No. 2011099958 [the sale deed pursuant to the foreclosure sale] and Instrument No. 2011099959 [the corrective deed discussed in n.2, *supra*].

That order upheld the foreclosure sale as effective despite the earlier non-final order in Adv. Pro. No. 12-10006, which had determined that the sale was void.

Prudencio stands in no better position than his grantors, Gary and Delores Stancil.  Pursuant to the settlement in Case No. 11-00747, the court has held that the foreclosure sale deed conveying the Property to 12th Street is effective.  As a consequence, Prudencio's tenancy became a tenancy at will by reason of D.C. Code § 42-522, and 12th Street was free to

---

[4]  *Memorandum Decision and Order Re Cross-Motions for Summary Judgment* (Dkt. No. 105) *and Order Re Cross-Motions for Summary Judgment* (Dkt. No. 106)*,* Adv. Pro. 12-10006, dated Feb. 23, 2013, and entered Feb. 25, 2013.

[5]  *Consent Order Granting Motion for Approval of Compromise of Controversy*, Case No. 11-00747, Dkt. No. 64, dated and entered Oct. 2, 2013.

[6]  *Memorandum Opinion and Order*, Case No. 11-00747, Dkt. No. 127, dated and entered March 11, 2014.

terminate the lease.  There is no reason to keep the automatic stay in place with respect to the eviction proceeding.

                                III

In accordance with the foregoing, it is

ORDERED that Prudencio's motion to reconsider (styled *Motion to Reconsider Order Granting 12th Street Real Estate, LLC's Motion for Relief From Automatic Stay and Respectfully to Alter and Amend Said Order and Declare That Debtor has a Valid Leasehold Interest for Years in the Property Located at [3000 12th] Street, NE, Washington DC [20017]*) (Dkt. No. 53) is DENIED.

                                        [Signed and dated above.]

Copies to: Recipients of e-notification of filings.